IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02371-WYD-BNB

CITY OF AURORA, COLORADO, a municipal corporation,
acting by and through its Utility Enterprise, Aurora Water,

Plaintiff,

v.

PS SYSTEMS, INC., a Colorado corporation, and
RAR GROUP, LLC, a Colorado limited liability company,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendants' Motion to Stay Rule 16 and 26 Deadlines** [Doc. # 8, filed 1/11/2008] (the "Motion to Stay"). The Motion to Stay is DENIED.

This is a declaratory judgment action in which the plaintiff seeks a declaration that the aquifer recharge and recovery component of its Prairie Waters Project does not infringe two patents held by the defendants or that those patents are invalid and/or unenforceable. The defendants have filed a motion to dismiss the action [Doc. # 7, filed 1/11/2007] alleging a lack of jurisdiction because there is no case or controversy between the parties.

The defendants seeks to stay the case pending a determination of their motion to dismiss. In support of its request for a stay, the defendants argue that requiring the parties to pursue discovery will impose substantial costs and burdens which may prove unnecessary in the event defendants' motion to dismiss is granted. The defendants also assert that a stay is especially

appropriate here:

> [T]his is a patent case which can typically be complex and very expensive. PS Systems is a small company with limited resources. Requiring disclosure and discovery on the complex issues of infringement, patent validity and inequitable conduct will be wasteful and burdensome should the motion to dismiss be granted.

Motion to Stay at ¶3.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district in 2006 was 7.5 months. Consequently, staying the case while defendants' motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious

consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> * * *
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without presuming to forecast the district judge's ruling on the motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case. Moreover, it generally is the policy in this district not to stay proceedings pending a ruling on a motion to dismiss. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5 (D. Colo. Aug. 14, 2006).

IT IS ORDERED that the Motion to Stay is DENIED.

Dated January 14, 2008.

BY THE COURT:

_s/ Boyd N. Boland_
United States Magistrate Judge