IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02371-WYD-BNB

CITY OF AURORA, COLORADO, a municipal corporation, acting by and through its Utility Enterprise, Aurora Water,

    Plaintiff,

v.

PS SYSTEMS, INC., a Colorado corporation; and
RAR GROUP, LLC, a Colorado limited liability company,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff City of Aurora's Motion for a Markman Claim Construction Procedure and Plaintiff's Motion for an Order of Reference to Magistrate Judge (both filed June 2, 2008). Defendants filed a response to these motions on June 20, 2008. Reply briefs were filed by Plaintiff on July 7, 2009. For the reasons stated below, Plaintiff's motions are denied.

I first address Plaintiff's Motion for a Markman Claim Construction Procedure. Plaintiff asserts that in this declaratory judgment action for patent non-infringement and patent validity, the Court will have to construe the disputed terms in the allegedly infringed patent terms, and that only after the Court has construed the disputed claim terms can it decide the ultimate issues of patent infringement and invalidity. Accordingly, Plaintiff seeks an order establishing a claim construction procedure pursuant to *Markman v. Westview Instruments*, 52 F.3d 967, 976 (Fed. Cir. 1995), and

a schedule by which the claims of the patents at issue in this case will be construed. Defendants oppose this motion, arguing that the claim construction issues should be raised through the filing of summary judgment motions.

Defendants are correct that I prefer claim construction issues be raised through summary judgment motions rather than through *Markman* hearings. Indeed, I note that *Markman* procedures such as those requested by Plaintiff are not required by the Federal Rules of Civil Procedure or even the *Markman* decision, and I find that such procedures can create a great deal of unnecessary work for the Court and parties. Accordingly, to the extent the parties wish for the Court to consider claim construction issues in this case, they should do so through the filing of motions for summary judgment and responses thereto. The parties shall follow the procedures and directives set forth in the governing rules and my Practice Standards if they choose to file summary judgment motions.

I now turn to Plaintiff's Motion for an Order of Reference to Magistrate Judge. Plaintiff requests therein that the Court amend its order of reference to grant the magistrate judge assigned to this case the authority to hear and make written recommendations regarding claim construction and dispositive pretrial motions. I deny this motion as well. First, the issue of claim construction will be handled through the dispositive motions, as discussed above. As to such motions, I find no reason to depart from my normal practice of deciding such motions. This appears to be a highly contested case. Referring dispositive motions to the magistrate judge will likely result in objections to any recommendation, which will ultimately require additional work on the

part of both the parties and the Court.  Further, given the fact that such objections will most likely be filed, I am not convinced that a referral of dispositive motions to the magistrate judge would result in a decision any more expeditiously than if I decide the motions in the first instance.

Based upon the foregoing, it is

ORDERED that Plaintiff City of Aurora's Motion for a Markman Claim Construction Procedure is **DENIED.**  It is

FURTHER ORDERED that Plaintiff's Motion for an Order of Reference to Magistrate Judge is **DENIED**.

Dated:  July 18, 2008

                        BY THE COURT:

                        s/ Wiley Y. Daniel
                        Wiley Y. Daniel
                        U. S. District Judge