# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-02371-PAB-BNB

CITY OF AURORA, Colorado, a municipal corporation,
acting by and through its Utility Enterprise, Aurora Water,

    PLAINTIFF AND COUNTERCLAIM-DEFENDANT,

and

GRIMM CONSTRUCTION COMPANY, INC.
d/b/a GARNEY CONSTRUCTION, a Colorado corporation,

    COUNTERCLAIM-DEFENDANT,

v.

PS SYSTEMS, INC., a Colorado corporation,
and RAR GROUP, LLC, a Colorado limited liability company,

    DEFENDANTS AND COUNTERCLAIMANTS.

---

## STIPULATED PROTECTIVE ORDER
---

    The Court having reviewed the parties' Stipulated Motion for Protective Order, and upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of trade secret and confidential information, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in *Fed.R.Civ.P. 34(a)*. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is trade secret or confidential. Information designated "ATTORNEYS' EYES ONLY" is trade secret or confidential information the disclosure of which would be highly injurious to the party producing the information. CONFIDENTIAL and "ATTORNEYS' EYES ONLY" information shall not be disclosed or used for any purpose except the preparation and trial of this case. In designating information CONFIDENTIAL or ATTORNEYS' EYES ONLY, the party doing so must have a good faith belief that such information is in fact CONFIDENTIAL or ATTORNEYS' EYES ONLY.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case who assist said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding and their assistants or clerical personnel, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties or by order of the Court.

5. "ATTORNEYS' EYES ONLY" documents, materials, and/or information (collectively "ATTORNEYS' EYES ONLY information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case who assist said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) specially expert witnesses and specially retained consultants retained in connection with this proceeding and their assistants or clerical personnel, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses who reasonably appear to be prior disclosers, authors, sources or recipients of the information; and

(g) other persons by written agreement of the parties.

6. Counsel disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court

Personnel and stenographic reporters), shall provide such person with a copy of this Protective Order and obtain from such person an executed Agreement to be Bound by Protective Order, in the form of Exhibit A attached to this Order. All such executed Agreements to be Bound by Protective Order shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the specific pages and lines designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of doing so, referring to or relying on his or her examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided that in rendering such advice and in otherwise communicating with clients, the attorney does not make a specific disclosure of the CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

10. A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. No party is obligated to object to a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time of production, and a failure to do so shall not preclude any later objection to a designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

The designation of information or documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not prevent any party from using such information at trial as permitted by the Court.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or

ATTORNEYS' EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or ATTORNEYS' EYES ONLY, or the parties may elect to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. If the parties file CONFIDENTIAL or ATTORNEYS' EYES ONLY with the Court, the parties shall comply with the Local Rules of this Court concerning the filing of materials under seal.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated March 4, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

BROWNSTEIN HYATT FARBER SCHRECK, LLP

s/ Martha F. Bauer
Martha F. Bauer
Steven O. Sims
Ashley Krause
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: 303.223.1100
Facsimile: 303.223.1111
mbauer@bhfs.com
ssims@bhfs.com
akrause@bhfs.com

ATTORNEYS FOR PLAINTIFF AND
COUNTERCLAIM-DEFENDANT
THE CITY OF AURORA AND
COUNTERCLAIM-DEFENDANT
GRIMM CONSTRUCTION COMPANY, INC.
D/B/A GARNEY CONSTRUCTION


MERCHANT & GOULD P.C.

s/Peter A. Gergely
Peter A. Gergely
1050 17th Street, Suite 1950
Denver, Colorado 80265-0100
Telephone: 303.357.1670
Facsimile: 303.357.1671
pgergely@merchant-gould.com

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS
PS SYSTEMS, INC. AND RAR GROUP, LLC

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2009, in the matter titled *City of Aurora v. PS Systems, Inc., et al.*, United States District Court for the District of Colorado, Civil Action No. 07-CV-02371-PAB-BNB, and have read and understand the Order and agree to be bound by and to strictly adhere to all the terms all the provisions of the Order.

I submit to the jurisdiction of the United States District Court for the District of Colorado solely for the purpose of enforcement of the Order and this Agreement.

DATED this ____ day of _____, 20___.

_____
Signature

_____
_____
_____
Address and Telephone Number

9411\210\1178132.1