IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02371-PAB-BNB

CITY OF AURORA, COLORADO, a municipal corporation,
acting by and through its Utility Enterprise, Aurora Water,

    Plaintiff,

v.

PS SYSTEMS, INC., a Colorado corporation, and
RAR GROUP, LLC, a Colorado limited liability company,

    Defendants.
_____

**ORDER DENYING MOTIONS TO VACATE ORDER REGARDING
CLAIM CONSTRUCTION**
_____

This patent case comes before the Court on the parties' motions [Docket Nos. 234, 235] to vacate the Court's June 2, 2010 order [Docket No. 195] regarding claim construction of the two patents at issue in this case. The parties recently entered into a settlement agreement. While not conditioned on the Court vacating its claim construction order, the settlement agreement apparently includes a provision by which the parties agreed to move the Court for such relief.

Defendants PS Systems, Inc. and RAR Group, LLC ("patentees") argue that the Court should vacate its claim construction order because they had possibly intended to appeal the claim construction order, but now the settlement agreement precludes that option. The patentees also fear that a future infringer may seek to use the order regarding claim construction against them in future cases. Finally, patentees argue

vacating the claim construction order would promote the public policy in favor of settlement.

It is true that there is a public policy in favor of the settlement of disputes and that courts will honor this policy by facilitating settlement where appropriate. Moreover, the Court appreciates the efforts of the parties here to resolve their dispute. However, the Court disagrees that the overriding public policy is in favor of vacating an otherwise valid court order because one or more of the parties, after settlement, finds that order inconvenient. To do so in the absence of extraordinary circumstances may, in fact, adversely affect the dynamics of motions practice if litigants believe that they may later erase the effect of unfavorable court orders through a settlement agreement. Not only would such a practice come dangerously close to engendering improper advisory opinions by courts, it might also encourage inefficiencies through repetitive litigation.

There is a public interest against concealing or obscuring the nature of court proceedings. *See M.M. v. Zavaras*, 939 F. Supp. 799, 801-02 (D. Colo. 1996) (discussing the disfavor with which anonymity and the sealing of court documents is viewed because of their tendency to conceal from public view the true nature of a proceeding); *see also Advanced Elevator ex rel. McTarsney v. United States*, No. 09-cv-00211-JLK, 2009 WL 530375, at *1 (D. Colo. March 2, 2009) ("Motions to seal, or otherwise to obstruct or conceal the public nature of court proceedings are held in disfavor."). Similarly, absent unusual circumstances, vacating orders is inconsistent with the policy that favors the public nature of court proceedings.

The parties to this case invoked the jurisdiction of the Court to resolve their respective claims. The matters involving claim construction were argued in open court

and involved public filings. Had the parties wished to resolve their disputes in a matter that did not involve public proceedings, there were ways to do so. For example, the parties could have submitted to binding arbitration. The parties did not choose that option and therefore cannot now expect that orders relating to the dispute, properly entered and unrelated to settlement, will now be vacated.

Therefore, for the reasons stated above, it is

**ORDERED** that the parties' motions [Docket Nos. 234, 235] to vacate the Court's June 2, 2010 claim construction order [Docket No. 195] are DENIED.

DATED July 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge